Slip Op. 13- 54

# UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |  |
|---|---|---|
| WELCOM PRODUCTS, INC., | : | |
| Plaintiff, | : | |
| v. | : | Before: R. Kenton Musgrave, Senior Judge |
|  | : | Consol. Court No. 11-00370 |
| UNITED STATES, | : | |
| Defendant, | : | |
| and | : | |
| GLEASON INDUSTRIAL PRODUCTS, INC., and PRECISION PRODUCTS, INC. | : | |
| Defendant-Intervenors. | : | |

**OPINION**

[Commerce's Remand Results regarding the scope of the AD order are sustained.]

Dated: April 24, 2013

*J. Kevin Horgan* and *Judith L. Holdsworth*, deKieffer & Horgan PLLC, of Washington, D.C., for plaintiff.

*Joshua E. Kurland*, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, D.C., for defendant. With him on the brief were *Stewart F. Delery*, Principal Deputy Assistant Attorney General, *Jeanne E. Davidson*, Director, and *Reginald T. Blades, Jr.*, Assistant Director. Of counsel on the brief was *Nathaniel J. Halvorson*, Attorney, Office of Chief Counsel for Import Administration, U.S. Department of Commerce.

*Lawrence J. Bogard*, Neville Peterson LLP, of Washington, D.C., for defendant-intervenors.

Musgrave, Senior Judge:  The U.S. Department of Commerce, International Trade

Administration ("Commerce") has filed the results of the remand ordered by the court in Slip Op.

12-124 (Sept. 27, 2012), familiarity with which is presumed.  In that decision, the court ordered Commerce to reconsider its finding that plaintiff WelCom Products, Inc.'s ("Plaintiff") Magna Cart MCK was within the scope of the antidumping duty order applicable to hand trucks from the People's Republic of China.  *See Notice of Final Determination of Sales at Less Than Fair Value: Hand Trucks and Certain Parts Thereof from the People's Republic of China*, 69 Fed. Reg. 60980 (Dep't Commerce, Oct. 14, 2004) ("Order").  In Slip Op. 12-1254, the court found that Commerce had overturned several of its prior rulings finding similar goods outside the scope of the antidumping order without giving an adequate rationale for the change.  The court ordered Commerce to reconsider its conclusion that the entire telescoping portion of the hand cart's frame must be less than 5/8" in diameter or provide an adequate explanation for its reversal of its own prior rulings.  Commerce was also ordered to review the record developed in the ITC injury determination to determine whether small hand carts similar to the MCK model were included in the ITC investigation.  Finally, the court noted that Commerce had failed to adequately address plaintiff's argument that carts with telescoping sections made entirely of metal less than 5/8" in diameter would be impractical and unusable.

Commerce filed the results of the remand on December 21, 2012. *Results of Redetermination Pursuant to Court Order*, (Dec. 21, 2012) ("*Remand Results*").  Both plaintiff and defendant support the results of the remand and request that it be sustained and affirmed.  Defendant-intervenors contest Commerce's decision to find the Magna Cart MCK model outside the scope of the Order.  Gleason claims that Commerce's original rationale for including the MCK model in scope was adequate and that the redetermination's rationale satisfied this court's remand instructions.  Gleason resuscitates an argument from earlier in this case, that

Commerce's MCX ruling (which found a Magna Cart similar to the MCK outside scope) should again be reversed with the result being the inclusion of the MCK model in scope. The court declines to adopt Gleason's position, however, because it has failed to prove that Commerce's findings on remand are unsupported by substantial evidence.

In the *Remand Results*, Commerce reconsidered whether the entire telescoping portion of the frame of the hand cart must be less than 5/8" in diameter. This issue was the central difference between several earlier Commerce scope rulings and the ruling which plaintiff contested in this action. Commerce found that,

> because the language of the scope of the Order identifies one of the requirements of the exclusion in question to be that the telescoping portion of the frame must be less than 5/8" in diameter, and the Court concluded that this requirement can be satisfied by one section of the telescoping part, we conclude that the MCK Magna Cart is outside of the scope of the Order.

*Remand Results* at 6. Although the court disagrees that we "concluded" that the scope exclusion could be satisfied by a finding that one section was less than 5/8" in diameter, Commerce adequately addressed the court's concerns regarding its reversal of its prior rulings. Commerce's finding on remand that the MCK model cart is outside the scope of the Order is supported by substantial evidence.

Pursuant to the court's remand order, Commerce also reconsidered the record developed by the ITC in making its determination of material injury. After review of the record, Commerce found on remand that "the ITC did not distinguish between [hand trucks similar to the Magna Cart Models at issue here] and the hand trucks it considered, such that we can determine whether the ITC considered such hand trucks made in the United States." *Remand Results* at 8. In addition, Commerce found that the ITC record provided no explanation of

Consol. Court No. 11-00370                                                                                          Page 4

whether products akin to the Magna Cart models were covered by the injury determination. *Id*. at 9. Because it appears that Commerce adequately reviewed the record pursuant to this court's instructions, we find that this portion of the remand result is supported by substantial evidence on the record.

Finally, Commerce found evidence that utility carts with telescoping sections entirely of a diameter less than 5/8" were sold in the U.S. market. Although plaintiff contests the evidence on the record of this point, the court finds that Commerce's findings on remand on this issue are supported by substantial evidence.

## CONCLUSION

Based upon the record developed before Commerce and upon the papers and proceedings before this court, the court finds that the *Remand Results* are supported by substantial evidence on the record, and they are therefore SUSTAINED. Judgment will enter accordingly.

      /s/  R. Kenton Musgrave  
      R.  Kenton Musgrave, Senior Judge

Dated: April 24, 2013  
    New York, New York